```
 1  DANIEL G. BOGDEN
    United States Attorney
 2  District of Nevada
    Carlos A. Gonzalez
 3  Assistant United States Attorney
    333 Las Vegas Blvd. So., #5000
 4  Las Vegas, Nevada   89101
    Ph: (702) 388-6336
 5  Fax: (702) 388-6787

 6  Attorneys for the United States.

 7

 8                  UNITED STATES DISTRICT COURT

 9                       DISTRICT OF NEVADA

10  BARAK ASULIN,                 )
                                  )
11                Plaintiff,      )
                                  )
12  v.                            )  Case No. 2:06-cv-383-RLH-RJJ
                                  )
13  ALBERTO GONZALEZ, U.S.        )
    Attorney General, et al.,     )
14                                )
                  Defendants.     )
15  _____)

16
                              ORDER ON
17    DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT AS MOOT

18       Federal Defendants, by and through Daniel G. Bogden, United

19  States Attorney for the District of Nevada, and Carlos A.

20  Gonzalez, Assistant United States Attorney, move this Court to

21  dismiss Plaintiff's Complaint for Declaratory and Injunctive

22  Relief and for a Writ in the Nature of Mandamus ("Complaint")

23  (#1).

24  . . .

25  . . .

26  . . .
```

This Motion is based on the Memorandum of Points and Authorities attached hereto.

DATED this 8th day of February, 2007.

Respectfully submitted,

DANIEL G. BOGDEN
United States Attorney

  /s/ Carlos A. Gonzalez  
Carlos A. Gonzalez
Assistant United States
  Attorney

OF COUNSEL:

David L. Peters
Dept. of Homeland Security

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   BACKGROUND**

Plaintiff filed his Complaint on March 28, 2006 (#1) and served the United States Attorney's Office ("USAO") by certified mail on March 29, 2006.  The USAO forwarded Plaintiff's Complaint to the United States Citizenship and Immigration Services (the "CIS") for review of the Administrative Record and response upon receipt.  Because the CIS has completed the relief requested by the Plaintiff, this case should be dismissed as moot.

**II.  ARGUMENT**

The mootness doctrine applies to a complaint for which relief has already been granted.  *See Idaho Dept. of Fish & Game v. National Marine Fisheries Service*, 56 F.3d 1071, 1074-75 (9th Cir. 1995).  A case should be dismissed as moot when "there is no effective relief remaining for a court to provide."  *GATX/Airlog Co. v. U.S. Dist. Court for Northern Dist. of California*, 192 F.3d 1304, 1306 (9th Cir. 1999) (citation omitted).  *See also*, *State of Nev., ex rel. Nevada State Bd. of Agriculture v. United States*, 699 F.2d 486, 487 (9th Cir. 1983) (following the "general rule that when actions complained of have been completed or terminated, declaratory judgment and injunctive actions are precluded by the doctrine of mootness").

The CIS adjudicated Plaintiff's I-485 petition, Application To Register Permanent Residence or Adjust Status, on January 23, 2007.  *See* attached Exhibit 1.  The relief Plaintiff requested in his Complaint has been granted.  Because "there is no effective

3

relief remaining for [this] Court to provide," Plaintiff's Complaint should now be dismissed as moot.

**III. CONCLUSION**

The CIS having fully performed its duty pursuant to 28 U.S.C. § 1361, Plaintiff's Complaint should now be dismissed as moot.

DATED this 8th day of February, 2007.

                Respectfully submitted,

                DANIEL G. BOGDEN
                United States Attorney

                  /s/ CARLOS A. GONZALEZ
                CARLOS A. GONZALEZ
                Assistant United States
                  Attorney

OF COUNSEL:

David L. Peters, Esq.
Dept. of Homeland Security

IT IS SO ORDERED:

_____
CHIEF UNITED STATES DISTRICT JUDGE

DATE: February 28, 2007

4